UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYES M. JUAREZ,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | NO. EDCV 10-1079 AGR<br><br><br>**MEMORANDUM OPINION AND ORDER** |

　　　　Reyes Juarez ("Juarez") filed this action on July 27, 2010.  (Dkt. No. 3.) Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge on August 9 and 10, 2010.  (Dkt. Nos. 7, 9.)  On May 31, 2011, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. (Dkt. No. 19.)  The court has taken the matter under submission without oral argument.

　　　　Having reviewed the entire file, the court affirms the decision of the Commissioner.

///

///

///

# I.

## PROCEDURAL BACKGROUND

On January 16, 2001, Juarez filed an application for supplemental security income benefits, alleging an onset date of February 16, 1998.[1] Administrative Record ("AR") 100-02. The application was denied initially and upon reconsideration. AR 68, 74. On August 20, 2001, Juarez requested a hearing before an Administrative Law Judge ("ALJ"). AR 78. On July 24, 2002, an ALJ conducted a hearing at which Juarez, a vocational expert, a medical expert and Juarez's wife testified. AR 26-60. On August 22, 2002, the ALJ issued a decision denying benefits. AR 16-23. On November 19, 2003, the Appeals Council denied the request for review.[2] AR 4-6.

Juarez filed a complaint in this court on January 26, 2004, requesting review of the Commissioner's decision. Case No. EDCV 04-51 JWJ. On September 16, 2004, the parties stipulated to an Order remanding the action to the Commissioner for further administrative proceedings. AR 340-43. The parties agreed that on remand, the Commissioner would reexamine Juarez's residual functional capacity ("RFC") and consider the lay witness testimony of his wife. AR 341. On September 16, 2004, the court entered a Judgment of Remand. AR 344-46.

On November 29, 2004, the Appeals Council vacated the ALJ's August 22, 2002 decision and remanded the case for further proceedings consistent with the court's Judgment of Remand. AR 350-51. The Appeals Council indicated

---

[1] Juarez previously filed an application for supplemental security income on August 29, 2000 that was denied on September 19, 2000. AR 64, 97-99.

[2] On September 5, 2002, Juarez again filed an application for supplemental security income, alleging an onset date of February 16, 1998. AR 414. The application was denied initially and upon reconsideration. AR 370, 376. On May 5, 2003, Juarez requested a hearing before an ALJ. AR 382. An ALJ conducted a hearing on March 3, 2004, at which Juarez testified. AR 729-47. On March 22, 2004, the ALJ issued a decision denying benefits. AR 333-39. There is no indication in the record that the case was appealed.

Juarez had filed an additional application for supplemental security income on May 7, 2004. AR 351. The Appeals Council therefore consolidated the May 7, 2004 application for benefits with the January 16, 2001 application, and ordered the ALJ to issue a new decision on the consolidated claims. *Id.*

An ALJ conducted a remand hearing on July 1, 2005, at which Juarez testified. AR 748-766. A supplemental hearing was held on November 17, 2005 at which a vocational expert testified. AR 767-76. On March 31, 2006, the ALJ issued a decision denying benefits. AR 317-26.

On June 26, 2006, Juarez filed a complaint in this court, requesting review of the Commissioner's decision. Case No. EDCV 06-612 CW. On July 6, 2009, the court remanded the case for further proceedings. AR 800-14.

On November 16, 2009, a hearing was held before an ALJ at which Juarez, a vocational expert and a medical expert testified. AR 1080-95. The ALJ issued a decision denying benefits on May 12, 2010. AR 780-99. This action followed.

## II.

## **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the

///

evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

## III.
## DISCUSSION

### A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

### B. The ALJ's Findings

The ALJ found that Juarez had the severe impairments of degenerative disc disease of the lumbar spine and depression. AR 786. Juarez did not meet or equal a listed impairment. *Id.* Juarez had the RFC to perform light work except that he is limited to occasional bending, stooping and crouching, and precluded from crawling and using vibrating equipment.[3] AR 787. The ALJ found that Juarez cannot perform any past relevant work. However, there were a significant number of jobs in the national economy that Juarez could perform such as hand packager, garment sorter and electronic worker. AR 798-99.

### C. Compliance with Court's Remand Order

Juarez asserts that the ALJ failed to comply with the court's remand order.

The ALJ must comply with a district court's remand order. *See Sullivan v. Hudson*, 490 U.S. 877, 886, 109 S. Ct. 2248, 104 L. Ed. 2d 941 (1989) ("Deviation from the [district] court's remand order in the subsequent administrative proceedings is itself legal error."); *Holliday v. Astrue*, 2010 U.S.

---

[3] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R. § 416.967(b).

4

Dist. LEXIS 29808, *8-*9 (C.D. Cal. 2010). A failure to comply with the court's remand order is subject to harmless error analysis. *Blanquet v. Astrue*, 2011 U.S. Dist. LEXIS 6879, *12 (C.D. Cal. Jan. 24, 2011); *see also McLeod v. Astrue*, 640 F.3d 881, 887-88 (9th Cir. 2011) (harmless error rule).

The court ordered that, on remand, "the ALJ should make every reasonable effort to obtain records from Dr. Havert and the San Bernardino County Department of Behavioral Health ["SBCDBH"] in order to clarify the relationship between Dr. Havert and [Juarez]." AR 813. The court explained that "to give proper weight to Dr. Havert's opinion, the ALJ needed to know if Dr. Havert was a treating psychologist, and whether Dr. Havert ever examined plaintiff." AR 812.

On remand, the ALJ sent a letter to Juarez's counsel seeking non-duplicative medical records. AR 819-20, 837. The state agency submitted additional medical records. AR 854-955. Juarez's counsel submitted additional medical records from the SBCDBH. AR 957-1079. None of these records mention Dr. Havert or explain the relationship between Dr. Havert and Juarez.

Juarez argues that there is no indication the ALJ ever attempted to contact Dr. Havert directly. Dr. Havert's report dated February 23, 2004 does not contain any contact information. AR 645-46. The SBCDBH treatment records are in the certified administrative record. Dr. Havert's name appears only on the initial intake assessment dated June 3, 2003. AR 637-39. The subsequent treatment records from June 4, 2003 through February 18, 2004 (the last date prior to Dr. Havert's report) do not contain treatment records for Dr. Havert. AR 632-36. The SBCDBH treatment records later submitted by Juarez also do not contain additional records from Dr. Havert. If Dr. Havert was a treating psychologist after June 3, 2003, it is clear SBCDBH does not have Dr. Havert's treatment records. Given that there is no other contact information for Dr. Havert in the record, it is not clear what the ALJ should have done other than request counsel to obtain the

relevant records, which he did by letters. If Dr. Havert continued to be a treating psychologist, the person most likely to have contact information would be Juarez himself.[4]

Even assuming the ALJ erred, the question becomes whether any error was harmless. An opinion of a treating physician is given more weight than the opinion of a non-treating physician. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). When a treating physician's opinion is contradicted by another doctor, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record. This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Orn,* 495 F.3d at 632 (citations omitted and internal quotations omitted). "When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict." *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002) (citation and quotation marks omitted).

The ALJ rejected Dr. Havert's opinion because the opinion: (1) did not explain the basis for its conclusion; (2) was inconsistent with the opinion of an examining physician; and (3) was not supported by the mental health treatment records. AR 797.

An ALJ "need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas*, 278 F.3d at 957. An ALJ may discount a check-the-box report that does not explain the basis of its conclusions. *See Batson v.*

---

[4] Juarez and his counsel had ample opportunity to submit Dr. Havert's contact information or his medical records, to the extent they exist. A letter to Juarez's counsel explained that if he needed help in presenting more evidence, he should contact the social security administration office. "If a physician, expert or other witness is not cooperating with production of documents important to your client's case, you may ask the ALJ to issue a subpoena that requires a person to submit documents or testify at your hearing." AR 819.

6

*Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ properly rejected treating physician's conclusory check-list report). The ALJ found that Dr. Havert's opinion was "a check list statement with no narrative or rational to support the degree of limitations stated." AR 645-46, 797.

The ALJ also relied on the opinion of a psychiatric consultative examiner, Dr. Smith. AR 789, 796-97. An examining physician's opinion constitutes substantial evidence when it is based on independent clinical findings. *Orn*, 495 F.3d at 632. Dr. Smith's opinion constituted substantial evidence since it was based on independent clinical findings she made during three separate psychiatric evaluations of Juarez in June 2001, November 2002, and August 2005. AR 260-65, 520-25, 647-58, 796-98. At no point did Dr. Smith consider Juarez to be more than moderately impaired. *Id.* In Dr. Smith's most recent evaluation (August 2005), Juarez was no more than slightly impaired and not very credible or medication compliant. AR 647-58. Dr. Smith opined Juarez was slightly impaired in his abilities to understand, remember, or complete detailed, complex commands and to interact appropriately with supervisors, co-workers, or the public. AR 654, 656-58. Juarez was not impaired with respect to his abilities to understand, remember, or complete short, simple commands, make judgments on simple work-related decisions, such as complying with job rules of safety and attendance, respond to change in the normal workplace or maintain persistence and pace in a normal workplace setting. *Id.*

The ALJ also rejected Dr. Havert's opinion because it was not supported by the mental health treatment records in the record. AR 795-98. In particular, the ALJ found that the most recent treatment notes were essentially the same as previous years, finding Juarez to be oriented, not delusional or suicidal, and cooperative. AR 795, 957-977, 978-1002, 1003-27, 1028-52. These records were consistent with Dr. Smith's opinion. *See* AR 260-65, 520-25, 647-58.

Accordingly, even assuming the ALJ erred in not contacting Dr. Havert, any error was harmless.

### D. The ALJ's Residual Functional Capacity Determination

Juarez argues that, in assessing his RFC, the ALJ failed to take into account Dr. Havert's opinion.

The RFC determination measures the claimant's capacity to engage in basic work activities. *Bowen v. New York*, 476 U.S. 467, 471, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986). The RFC is a determination of "the most [an individual] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a). It is an administrative finding, not a medical opinion. 20 C.F.R. § 404.1527(e)(2). The RFC takes into account both exertional limitations and non-exertional limitations. "When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict." *Thomas,* 278 F.3d 947, 956-57 (citation omitted).

As discussed above, the ALJ properly rejected Dr. Havert's opinion. Thus, the ALJ was not required to include Dr. Havert's marked and extreme limitations in assessing Juarez's RFC.

### E. The Hypothetical Question Posed to the Vocational Expert

Juarez argues the ALJ failed to include Dr. Havert's marked and extreme limitations in his hypothetical question posed to the vocational expert. JS 16-17. However, an ALJ is not required to include limitations that are not in his findings. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001). Given that the ALJ properly rejected Dr. Havert's opinion, it was not error to exclude Dr. Havert's limitations from the hypothetical.

///
///
///

## IV.
## **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

DATED: August 26, 2011

*Alicia G. Rosenberg*

ALICIA G. ROSENBERG
United States Magistrate Judge

9